IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SCOTT A. ELLIOT, et al., | ) | |
| | ) | |
| Plaintiff, | ) | No. 13 C 7770 |
| | ) | |
| v. | ) | Judge Norgle |
| | ) | |
| MISSION TRUST SERVICES, LLC, | ) | Magistrate Judge Cole |
| CHRISTOPHER C. FINLAY, THE | ) | |
| CORPORATION TRUST COMPANY, | ) | |
| and MICHAEL T. HOSMER, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

The plaintiffs have filed a Motion for Protective Order and *In Camera* Inspection. [Dkt. #178]. The motion contains only the laconic and unamplified statement that "[t]he undersigned counsel confirms they have conferred with Counsel For Defendants concerning this Motion. Defendants oppose the relief requested herein." This is not the "certification" required by Rule 26(c)(1) of the Federal Rules of Civil Procedure or the "statement" required by Local Rule 37.2 , which provides that the court:

> shall hereafter refuse to hear any and all motions for discovery and production of documents under Rules 26 through 37 of the Federal Rules of Civil Procedure, unless the motion includes a statement (1) that after consultation *in person or by telephone* [letters and emails don't count] and good faith attempts to resolve differences they are unable to reach an accord, or (2) counsel's attempts to engage in such consultation were unsuccessful due to no fault of counsel's. Where the consultation occurred, this statement shall recite, in addition, the date, time and place of such conference, and the names of all parties participating therein. Where counsel was unsuccessful in engaging in such consultation, the statement shall recite the efforts made by counsel to engage in consultation. (Emphasis supplied).

"The purpose of the rule is to curtail undue delay and expense in the administration of justice. The Rule ultimately rests on what Holmes called the shortness of life and the reality that there is a never-ending procession of cases that compete for judicial attention. If the parties can resolve the issue, the court's time is saved and available to be directed to those cases that present issues that cannot be amicably resolved. Each hour needlessly spent on a dispute is an hour squandered. 'Litigation is costly not only for the litigants but also for parties in other cases waiting in the queue for judicial attention.' This is a problem that the Seventh Circuit has repeatedly adverted to...." *Paulcheck v. Union PAC. R. Co.*, 2010 WL 1727856, at *1 (N.D.Ill. 2010)(citations omitted). *Accord Chamberlain Group v. Lear Corp.*, 2010 WL 2836975, 1-2 (N.D.Ill. 2010)(St. Eve, J.)(citing and quoting *Paulcheck*).

The parties are ordered, at their convenience, to have the face-to-face conference required by the Rules, and should the Motion for Protective Order be renewed, to file the appropriate certification/statement required by the Rules. They are also required, following the conference, should the present disputes remain unresolved, to file a statement that complies with the expanded procedures set forth in *Autotech Technologies Ltd. Partnership v. Automationdirect.Com, Inc.*, 2007 WL 2713352, *1-2 (N.D.Ill. 2007). *See also Miller UK Ltd. v. Caterpillar, Inc.*, 292 F.R.D. 590, 591 (N.D.Ill. 2013).

Further, the *defendants* should not file a Motion to Compel production in the event the Motion for Protective Order is refiled. Any other approach to briefing will merely waste judicial resources. It would serve to do nothing beyond enabling the defendants to also have a reply brief and thus, seemingly to have the last word. In reality, all that would happen is that there would be two sets of briefs on the same disputed issue rather than one set. That would result in a needless

expenditure of judicial resources because instead of their being three briefs on the issue there would be six. That is three too many. Finally, the briefs may not incorporate by reference exhibits or arguments from any other brief.

Counsel should keep in mind the fee shifting provisions of Rule 37, which, as Judge Easterbrook has explained, are mandatory where a party's position is not substantially unjustified:

> 'The great operative principle of Rule 37(a)[(5)] is that the loser pays.' Charles Alan Wright & Arthur R. Miller, 8 *Federal Practice and Procedure* § 2288 at 787 (1970). Fee shifting when the judge must rule on discovery disputes encourages their voluntary resolution and curtails the ability of litigants to use legal processes to heap detriments on adversaries (or third parties) without regard to the merits of the claims." (Parenthesis in original). See also *United States Freight Co. v. Penn Cent. Transp. Co.*, 716 F.2d 954, 955 (2nd Cir.1983)("General deterrence, rather than mere remediation of the particular parties' conduct, is a goal under Rule 37; unconditional impositions of sanctions are necessary to deter 'other parties to other lawsuits' from flouting 'other discovery orders of other district courts.'" ).

*Rickels v. City of South Bend, Indiana*, 33 F.3d 785, 786-87 (7th Cir. 1994). *See also Sambrano v. Mabus* 663 F.3d 879, 881-882 (7th Cir. 2011)("Sanctions such as orders to pay the other side's attorneys' fees may redress injuries done to put-upon adversaries....).

## CONCLUSION

The plaintiffs' Motion for Protective Order and *In Camera* Inspection [Dkt. #178] is denied without prejudice. The plaintiffs are, of course, free to renew the question raised in the Motion if they cannot resolve their dispute and as long as there is compliance with this Order.

Nothing in this Opinion should be taken as expressing any opinion on the merit or lack thereof of the parties' positions.

**DATE: 3/9/15**       **ENTERED:** _____

3